Judge Underwood
delivered the opinion of the Court.
An execution issued in favor of the defendants in error against the plaintiffs, on which the sheriff made the following return, “Levied on one negro boy Tom, as the property of T. G. Payne, adver^se(^ an<^ S°M, on ^ie 28th of October, 1826, and H. T. Woolfolk became the purchaser, for $145, which leaves a credit of $137 75. The money not paid, and not time to levy the balance.” Said execution was endorsed by the clerk, “no security of any kind to be taken.” On the 16th of March, 1827, the circuit cour*’ on ^le of the defendants in error, without any notice, to the plaintiffs, who were defendants in the execution, or to Woolfolk the purchaser of the s^ave’aRd wUhout a rule to show cause served on them, or either of them; quashed and set aside the said return *13 of the sheriff. We cannot perceive any reason which should have induced the court to quash the return, unless it be, the statement that the “money had not paid” and that we think, insufficient. It was the duty of the sheriff, under theexecution, to make themoney. He levied on a negro, and sold him as he states, for $146 to Woolfolk, “which (he says,) leaves a credit on this execution of $137 75.” So far he was acting in conformity to his duty, and the authority given him by the execution, and his return, is evidence of what was done. But he adds, “the money not paid.” In this he departed from his duty, and had no authority to make such a return, and therefore, we conceive it should have been disregarded by the court. See Dupey vs. Johnson, 1 Bibb, 567. If in fact, the purchaser did not pay the money, the sheriff should have disregarded his bid, and put up the negro for sale again. See Downing vs. Brown and Barbee, Hardin 181. Not having done so, but having returned a credit for $137 75 (being the amount left after deducting his commission fromthe $145,) We think he; was bound to Cowan & co. for the amount, and in any proceeding by them against the sheriff for its recovery, he ought not to be permitted to say, or prove, that Woolfolk did not in fact pay him. The sheriff should not be permitted to take advantage of his improper acts, whether proceeding from ignorance, or design. Unless he is capable of discharging the dutiesof his office according to law,he should not undertake it. If ho intentionally errs there is no excuse for him.
We concede that courts may correct by motion, without notice or rule to show cause, many irregu Jarities and errors, which may be found in the proceed ings; but the errors thus to be corrected, must be apparent off the face of the proceedings.
If the error complained of is such as to require parol proof to establish it, then notice should be given, or a rule to show cause, entered and served, on the proper party. The case of Downing vs Brown and Barbee, already referred to, illustrates this doctrine. But believing as we do, for the reasons already assigned, that the statement in the.return, that the money had not *14 been paid, should have been considered asa nullity, and that in other respects the return was substantially good there was in our opinion no such error apparent on the face of the proceedings, as authorised the court to quash the return. If there are errors in the. procee* dings of the sheriff in making the sale by whirl» the' defendants in error, have sustained injury, and which they can prove by oral testimony, if for instance, they desire to vacate the sale made to Woolfolk, the parties must be notified of the errors relied oh, and time afforded them to prepare for trial.
Monroe for plaintiffs; T. T. Crittenden for defendants»
As the record now stands, it is the opinion of this court, that the sheriffs return was improperly quashed and set aside.
The judgment of the court below is reversed, and the plaintiffs in error, must recover their costs.